JOHN B. POPE V. STATE

No. 29,636. March 26, 1958.

*Thomas M. Ryan (Ryan, Eckhardt & Adams,* of Counsel), Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of negligent homicide in the second degree and his punishment assessed at a fine of $2,000.00.

In view of our disposition of the case a recitation of the facts is unnecessary other than to observe that the prosecution grew out of a collision between a Houston Transit Company Bus operated by the appellant and a 1953 Buick Automobile occupied by the deceased, James C. Maddox, at the intersection of Faulkner and England Streets in the city of Houston in which collision the deceased sustained certain injuries which were the cause of his death.

The count of the information under which appellant was found guilty alleged that he was engaged in the unlawful act of driving a bus upon Faulkner Street in Harris County "and upon arriving at the intersection of said street with a different street known as England Street did then and there fail to yield the right-of-way to * * * * an automobile which was then and there within said intersection, to-wit, said automobile having entered said intersection from England Street; there being no traffic signals at said intersection, and it then and there became and it was the duty of said defendant to yield said right-of-way to said automobile which had entered said intersection earlier, and said defendant did then and there in the performance of said unlawful act and as a consequence of said act so done, by negligence and carelessness, cause the death of James Maddox * * *."

As pleaded, the information alleged a homicide by negligence while engaged in the commission of a misdemeanor as provided by Art. 1240, V.A.P.C., the punishment being fixed by Art. 1242, V.A.P.C.

In applying the law to the facts in his charge the trial court failed to include all the elements of the misdemeanor offense in that the jury was not required to find, in order to convict, that the automobile occupied by James Maddox had entered the in-

tersection before the bus driven by appellant or any other facts which would show that the automobile had the right-of-way or that appellant, as the driver of the bus, had the duty to yield the right-of-way to the automobile.

Under the provisions of Art. 659, V.A.C.C.P., we have concluded that the omission in the charge was raised by the requested charges which were refused, one being whether the bus entered the intersection before the automobile; another, whether the two vehicles entered the intersection at approximately the same time; and a third, which instructed that the bus, being the vehicle to the right, had the right-of-way if they entered the intersection simultaneously.

For the reasons stated the judgment is reversed and the cause remanded.

Opinion approved by the Court.